# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LENROY GUILTY, JR.**                                                                 **PLAINTIFF**

**V.**                                                                         **NO. 4:16-CV-33-DMB-RP**

**CORRECTIONAL OFFICER DAVIES, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Lenroy Guilty, Jr.—an inmate in the custody of the Mississippi Department of Corrections ("MDOC")—filed this action under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment's prohibition against cruel and unusual punishment. Doc. #1. Before the Court are the Report and Recommendation issued by United States Magistrate Judge S. Allan Alexander on August 5, 2016, Doc. #11; and the motion for summary judgment filed September 19, 2016, by Correctional Officers Clark, Honeycup, and Paige, Doc. #16.

## I
## Procedural History

On or about February 28, 2016, Lenroy Guilty, Jr., acting pro se, filed a complaint in this Court against seven correctional officers: (1) Correctional Officer Davies; (2) Correctional Officer Clark; (3) Correctional Officer Griffin; (4) Correctional Officer Harris; (5) Correctional Officer Harrison; (6) Correctional Officer Honeycup; and (7) Correctional Officer Paige. Doc. #1. The complaint alleges that the various officers used excessive force in subduing Guilty during a November 26, 2015, contraband investigation of Guilty's cell. *Id*.

On April 26, 2016, United States Magistrate Judge S. Allen Alexander issued an order setting a *Spears*[1] hearing for June 14, 2016. Doc. #7. Of relevance here, the order warned Guilty "that

---
[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

failure to keep the court informed of his current address may result in the dismissal of this lawsuit."[2] *Id*. at 2.

Following the *Spears* hearing, Judge Alexander issued a Report and Recommendation, recommending Guilty's claims against Davies and Griffin be dismissed because Guilty conceded they did not take part in the alleged assault. Doc. #11 at 4. However, Judge Alexander recommended that the case proceed against Clark, Harris, Harrison, Honeycup, and Paige. *Id*. Guilty acknowledged receipt of the Report and Recommendation on August 16, 2016. Doc. #13. On September 19, 2016, Paige, Clark, and Honeycup ("Moving Defendants") filed a motion for summary judgment. Doc. #16.

On October 3, 2016, this case was reassigned from Judge Alexander to United States Magistrate Judge Roy Percy. A notice of reassignment was mailed to Guilty at the address listed on the docket but was later returned as undeliverable. Doc. #18.

On January 5, 2017, Judge Percy issued an order setting an evidentiary hearing in this matter for June 13, 2017. Doc. #19. The same day, Judge Percy extended the deadline for Guilty to respond to the motion for summary judgment until January 26, 2017. Doc. #20. Both orders were mailed to Guilty at his address listed on the docket. On February 27, 2017, the order extending the deadline for Guilty to respond to the motion for summary judgment was returned as undeliverable. Doc. #21.

## II
## Report and Recommendation

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants

---

[2] In Judge Alexander's August 8, 2016, scheduling order, Guilty was warned again using the same language to keep the Court informed of his current address. Doc. #12 at 3.

specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citations omitted).

More than fourteen days have passed since the issuance of the Report and Recommendation, and no party has filed objections.[3] Accordingly, this Court's review of the Report and Recommendation is limited to plain error. *Morales v. Mosley*, No. 3:13-cv-848, 2014 WL 5410326, at *2 (S.D. Miss. Oct. 22, 2014) (citing *Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014)). After reviewing the Report and Recommendation and finding no plain error with respect to its findings on the participation of Davies and Griffin in the alleged assault, the Court adopts such findings and will dismiss Davies and Griffin from this case.

## III
## Motion for Summary Judgment

### A. Summary Judgment Standard

"[S]ummary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "Genuine disputes of material fact are present where a reasonable jury could find for the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017). In deciding a motion for summary judgment, "[t]he court ... views all facts and evidence in the light most favorable to the non-moving party." *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (internal quotation marks omitted).

---

[3] The Report and Recommendation advised that "[o]bjections must be in writing and must be filed within fourteen (14) days of [its] date." Doc. #11 at 5.

B. Analysis

The Moving Defendants contend in their summary judgment motion that Guilty's claims are barred because he failed to exhaust administrative remedies available through MDOC's grievance system. Doc. #16. The Prison Litigation Reform Act ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[P]re-filing exhaustion of prison grievance processes is mandatory.... It is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As support for their failure-to-exhaust defense, the Moving Defendants attached to their motion Guilty's administrative grievance dated February 1, 2016—the date he signed his complaint in this action. Doc. #16-1 at 3–4. The Moving Defendants also attached MDOC's responses to Guilty's administrative grievance and Guilty's responses to those responses, which indicate that Guilty had not exhausted the prison's administrative grievance process until April 22, 2016—well after he filed his complaint on February 23, 2016. *Id*. at 14. Because the PLRA requires pre-filing exhaustion, the motion for summary judgment will be granted and the Moving Defendants dismissed from this case.

IV
**Failure to Maintain Address**

Pursuant to Federal Rule of Civil Procedure 41(b), "i[f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." *Lewis v.*

4

*Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

Here, Guilty was warned twice that failure to update his address could result in the dismissal of his action. Despite these warnings, Guilty has failed to provide this Court with his current address. Accordingly, Guilty's remaining claims (those against Harris and Harrison) will be dismissed for failure to prosecute.

## V
## Conclusion

For the reasons above:

1. The Report and Recommendation [11] is **ADOPTED** as the order of this Court. Accordingly, Guilty's claims against Davies and Griffin are **DISMISSED** for failure to state a claim.

2. The motion for summary judgment [16] filed by the Moving Defendants is **GRANTED**. Accordingly, Guilty's claims against Honeycup, Paige, and Clark, are **DISMISSED**.

3. Guilty's remaining claims against Harris and Harrison are **DISMISSED** for failure to prosecute.

**SO ORDERED**, this 12th day of May, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUGE**